IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY CLATE PHIPPS I, *et al.*,

    **Plaintiffs,**

v.                                                            Civil Action No. 3:21cv346

**VIRGINIA STATE BOARD OF
ELECTIONS**, *et al.*,

    **Defendants.**

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiffs Timothy Clate Phipps, I, Sheila "Samm" Tittle, and the Constitution Party of Virginia's ("Plaintiffs") Complaint, (ECF No. 1), seeking immediate emergency injunctive hearing and relief as to Virginia's signature requirement, pursuant to Virginia Code § 24.25-06,[1] in order to join the gubernatorial ballot. For the reasons that follow, the Court finds that Plaintiffs' Complaint runs afoul of Federal Rule of Civil

---

[1] Although Plaintiffs do not mention any governing law in their filing, the pertinent Virginia statute, Section 24.2-506 states, in relevant part:

> The name of any candidate for any office, other than a party nominee, shall not be printed upon any official ballots provided for the election unless he [or she] shall file along with his [or her] declaration of candidacy a petition therefor, on a form prescribed by the State Board, signed by the number of qualified voters specified in this subsection after January 1 of the year in which the election is held and listing the residence address of each such voter.

Va. Code § 24.2-506(A). Section 24.2-506 requires 10,000 signatures for a gubernatorial candidate, including the signatures of at least 400 qualified voters from each congressional district in the Commonwealth. *Id.* § 24.2-506(A)(1).

Procedure 8.[2] Fed. R. Civ. P. 8(a). The Court will dismiss the Complaint without prejudice and grant Plaintiffs leave to amend.

## I. Standards of Review

### A. Obligation to Liberally Construe *Pro Se* Pleadings

Because the Plaintiffs proceed *pro se*, the Court liberally construes their filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Federal Rule of Civil Procedure 8 for "all civil actions"). A *pro se* plaintiff litigant must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014) (internal quotation marks and citations omitted).

### B. Federal Rule of Civil Procedure 8(a)

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement" of the grounds for this Court's jurisdiction and a "statement of the claim[s] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(d) requires "[e]ach allegation [to] . . . be simple,

---

[2] Rule 8(a) requires that a pleading seeking relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

2

and direct." Fed. R. Civ. P. 8(d). The Rules require such pleading "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Even *pro se* plaintiffs must recognize Rule 8's vision for 'a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issue* to be litigated, and provide a means for quick dispositions of sham claims.'" *Sewraz v. Morchower*, No. 3:08cv100, 2009 WL 211578, at *1 (E.D. Va. Jan. 28, 2009) (quoting *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)).

## II. Analysis

Plaintiffs' Complaint runs afoul of Rule 8(a)'s requirements for a "a short and plain statement" of the grounds for this Court's jurisdiction and a "statement of the claim[s] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).

The five-page Complaint requests relief from certain signature requirements in order to join the ballot for the Virginia's gubernatorial election. (*See generally* Compl.) Plaintiffs seem to argue that the COVID-19 pandemic justifies granting them relief from the signature requirement. (*Id.* 1.) Plaintiffs allege that the "possibilities" of getting on the ballot, in light of the COVID-19 pandemic, were "not looking fair [and] honest." (*Id.* 2.) For instance, Plaintiffs state that voters have been "unabashedly afraid to open their door[s]," and typical gathering places have been closed due to COVID-19. (*Id.* 3.) Plaintiffs also allege that closures in "State Offices" and delays in the United States Postal system service prevented delivering timely signatures. (*Id.* 3–4.) Plaintiffs aver that they left messages (with an unnamed party) as to these concerns but did not "hear[] back." (*Id.* 4.)

While Plaintiffs state that they seek relief under "the Constitution of the United States and . . . the Constitution of the State of Virginia," (*id.* 2), Plaintiffs do not allege which Constitutional provisions they invoke. *See Banks v. Scott*, 3:13cv363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014) (dismissing *pro se* complaint that failed to articulate "any constitutional right violated" by defendant's alleged actions). Nor do they identify how any allegation runs against any of the six defendants.[3] *See id.* Indeed, the Complaint is bereft any showing that they are entitled to relief under any provision. *See id.* As such, the Complaint does not "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).[4]

Finally, the third-named plaintiff—the Constitution Party of Virginia—may not proceed *pro se*. A legal organization such as a limited liability company, corporation, or partnership cannot proceed *pro se*. "In other words, a *pro se* litigant generally may not represent anyone but himself [or herself] in federal court." *Bryant v. Internal Revenue Serv.*, No. 2:18cv607, 2018 WL 5961039, at *3 (D.S.C. Sept. 18, 2018), report and recommendation adopted,

---

[3] The Court notes that a complaint that names a defendant only in the caption but fails to provide any allegations or claims against an individual defendant should be dismissed. *Banks*, 2014 WL 5430987, at *2. This includes complaints filed by *pro se* plaintiffs, even under the liberal construction that such complaints are afforded. *See id.* While the Plaintiffs allege some facts, they do not lodge those facts against any specific defendant. Plaintiffs must articulate their allegations against each defendant to pass muster under the Federal Rules of Civil Procedure.

[4] It follows then that Plaintiffs fail to carry their burden to prove they are entitled to injunctive relief under Federal Rule of Civil Procedure 65. "[A] preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Perry v. Judd*, 471 F. App'x 219, 223 (4th Cir. 2012) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). Therefore, preliminary injunctions are "to be granted only sparingly." *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 590–91 (E.D. Va. 2008) (quoting *Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524 (4th Cir. 2003)). Because Plaintiffs fail to carry their burden under Rule 8's liberal standard, they also do not make a "clear showing" that they are entitled to injunctive relief. *Perry*, 471 F. App'x at 223.

4

No. 2:18cv607, 2018 WL 5095147 (D.S.C. Oct. 19, 2018), aff'd sub nom. *Bryant v. US Dep't of Educ.*, 764 F. App'x 344 (4th Cir. 2019) (citation omitted). Therefore, the Constitution Party of Virginia may act only through counsel in this (or any other) case. *See, e.g., Const. Party of Virginia v. Virginia State Bd. of Elections*, 472 F. Supp. 3d 285 (E.D. Va. 2020) (counsel representing the Constitution Party of Virginia and Plaintiff Sheila Tittle).

For these reasons, the Court hereby DISMISSES the Complaint without prejudice and ORDERS that, should Plaintiffs seek to file an Amended Complaint, they must do so no later than June 11, 2021. The Amended Complaint must outline in simple and straightforward terms why the plaintiffs think that they are entitled to relief and why the Court has jurisdiction over their case. *See* Fed. R. Civ. P. 8(a)(1) and (2).

### III. Conclusion

The Amended Complaint SHALL COMPLY with the following directions:

1. At the very top of the amended pleading, Plaintiffs must place the follow caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:21cv346."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, Plaintiffs must set forth in separately numbered paragraphs a short statement of the facts giving rise to their claims for relief. Thereafter, in separately captioned sections, Plaintiffs must clearly identify each federal or state law allegedly violated. Under each section, Plaintiffs must list each defendant purportedly liable under that legal theory and explain why they believe each defendant is liable to them. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3. Plaintiffs shall also include the relief they requests – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Plaintiffs may not reference statements in the prior complaint.

5. The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:08cv035, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

6. Plaintiffs must complete the Ghostwriting Form in accordance with Local Civil Rule 83.1(M).

Plaintiffs must also comply with Federal Rule of Civil Procedure 4 and the Local Rules for the Eastern District of Virginia to properly serve Defendants. The failure to strictly comply with the Court's directives and with applicable rules will result in DISMISSAL OF THIS ACTION WITHOUT PREJUDICE for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

The Clerk is directed to send a copy of this Order to Plaintiffs at their addresses of record.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 6/1/2021
Richmond, Virginia

6