IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY CLATE PHIPPS I, *et al.*,

    **Plaintiffs,**

v.                                                  Civil Action No. 3:21cv346

**VIRGINIA STATE BOARD OF ELECTIONS**, *et al.*,

    **Defendants.**

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiffs Timothy Clate Phipps, I and Sheila "Samm" Tittle's ("Plaintiffs") Amended Complaint, (ECF No. 5), seeking an emergency injunctive hearing and relief as to Virginia's signature requirement, pursuant to Virginia Code § 24.25-06,[1] in order to join the gubernatorial ballot. For the reasons that follow, the Court finds

---

[1] Although Plaintiffs do not mention any governing law in their filing, the pertinent Virginia statute, Section 24.2-506 states, in relevant part:

> The name of any candidate for any office, other than a party nominee, shall not be printed upon any official ballots provided for the election unless he [or she] shall file along with his [or her] declaration of candidacy a petition therefor, on a form prescribed by the State Board, signed by the number of qualified voters specified in this subsection after January 1 of the year in which the election is held and listing the residence address of each such voter.

Va. Code § 24.2-506(A). Section 24.2-506 requires 10,000 signatures for a gubernatorial candidate, including the signatures of at least 400 qualified voters from each congressional district in the Commonwealth. *Id.* § 24.2-506(A)(1).

that Plaintiffs' Amended Complaint runs afoul of Federal Rule of Civil Procedure 8.[2] Fed. R. Civ. P. 8(a). As a result, the Court will dismiss the Amended Complaint.

### I. Standards of Review

#### A. Obligation to Liberally Construe *Pro Se* Pleadings

Because the Plaintiffs proceed *pro se*, the Court liberally construes their filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Federal Rule of Civil Procedure 8 for "all civil actions"). A *pro se* plaintiff litigant must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014) (internal quotation marks and citations omitted).

#### B. Federal Rule of Civil Procedure 8(a)

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement" of the grounds for this Court's jurisdiction and a "statement of the claim[s] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(d) requires "[e]ach allegation [to] . . . be simple,

---

[2] Rule 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2).

2

and direct." Fed. R. Civ. P. 8(d). The Rules require such pleading "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Even *pro se* plaintiffs must recognize Rule 8's vision for 'a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issue* to be litigated, and provide a means for quick dispositions of sham claims.'" *Sewraz v. Morchower*, No. 3:08cv100, 2009 WL 211578, at *1 (E.D. Va. Jan. 28, 2009) (quoting *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)).

When a litigant has paid the requisite filing fee, as Plaintiffs have here, the court retains inherent authority to dismiss the complaint for lack of jurisdiction or for failing to comply with the Federal Rules of Civil Procedure.[3] *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (citing *Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989))). In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, a court may dismiss a fee-paid complaint prior to service of process. *Id.*

## II. Analysis

Plaintiffs' Amended Complaint runs afoul of Rule 8(a)'s requirements for a "a short and plain statement" of the grounds for this Court's jurisdiction and a "statement of the claim[s]

---

[3] Many *pro se* plaintiffs seek *in forma pauperis* status, others pay the full filing fee. As for the former, 28 U.S.C. § 1915(d) affords statutory authority for the trial court to *sua sponte* dismiss the complaint (prior to the issuance of a summons and without a pending motion to dismiss filed by the defendant) whenever "the action is frivolous or malicious." 28 U.S.C. § 1915(d). When the plaintiff has paid the filing fee, as Plaintiffs have here, § 1915(d) does not apply, but the Court nonetheless has the inherent authority to dismiss frivolous or malicious suits *sua sponte*. *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee.") (citation omitted).

3

showing that [plaintiffs are] entitled to relief." Fed. R. Civ. P. 8(a). As a result, the Court will dismiss this action.

The two-page Amended Complaint appears to request relief from certain signature requirements so that Phipps and Tittle may join Virginia's ballot for Governor and Lieutenant Governor, respectively. (*See generally* Am. Compl.) Plaintiffs suggest in their Amended Complaint that they "face a deadline of 06/08/21 to be placed on the printed General Election Ballot, giving the Voters their Constitutional Right of Choice to Vote on November 02, 2021." (Am. Compl. 1, ECF No. 5.) Plaintiffs ask the Court to grant relief "by accepting up to this date the Certified Ballot Signatures collected thus far at this late time and/or getting rid of all requirements." (*Id.* 2.) "Based on the Discrimination noting the inability to acquire the burdensome petitioning for signatures in as much as the Plaintiffs have been bound and punished because of the Pandemic, they pray for immediate emergency relief." (*Id.*) Plaintiffs do not state how many signatures they have obtained thus far or otherwise explain whether they have tried to record signatures as state law requires, nor do they explain why they waited until the eve of the June 8, 2021 deadline to request injunctive relief. This does not suffice with the Court's June 1, 2021 Order directing Plaintiffs to provide in their Amended Complaint "a statement of the facts giving rise to their claims for relief." (June 1, 2021 Order 5, ECF No. 3.)

Furthermore, Plaintiffs do not adequately "explain why each defendant is liable to them." (*Id.*) While Plaintiffs state that they seek relief under "the First Amendment of the United States Constitution, their Freedom to Assemble, [and] their Freedom to have the Media gather in number," (*id.* 2), Plaintiffs do not allege how the Virginia State Board of Elections or the Virginia Attorney General violated the Constitutional provisions they mention, *see Banks v. Scott*, 3:13cv363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014) (dismissing *pro se*

4

complaint that failed to articulate "any constitutional right violated" by defendant's alleged actions). Apart from claiming social distancing and masks somehow inhibited their ability to collect signatures, Plaintiffs do not raise allegations that run against either Defendant.[4] *See id.* Moreover, despite a reference to "discrimination," (Am. Compl. 2), Plaintiffs do not make any allegations that suggest *Defendants* treated them differently from any other candidates seeking office.[5] As such, the Amended Complaint does not "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

Even liberally construing Plaintiffs' Amended Complaint, the Court cannot identify their specific claims or any facts supporting their claims, let alone evaluate those facts to determine

---

[4] The Court notes that a complaint that names a defendant only in the caption but fails to provide any allegations or claims against an individual defendant should be dismissed. *Banks*, 2014 WL 5430987, at *2. This includes complaints filed by *pro se* plaintiffs, even under the liberal construction that such complaints are afforded. *See id.* While Plaintiffs allege some facts related to the COVID-19 pandemic, they do not lodge those facts against any specific defendant. Plaintiffs must articulate their allegations against each defendant to pass muster under the Federal Rules of Civil Procedure.

Moreover, as Plaintiffs know from their previous litigation that challenged Virginia's signature requirements during the COVID-19 pandemic, such challenges are time sensitive:

> First, the Court takes judicial notice that the Commonwealth has already prepared the ballots for absentee and early voting. Any Court order to stop the presses and include additional candidates on the ballot at this late hour would pose an incredible challenge to localities across Virginia and jeopardize the many votes already cast. Second, Tittle asks the Court to order her inclusion on the ballot without having secured the requisite number of signatures to show her viability as a candidate. . . . It is too late for the Court to allow Tittle to gather any more signatures—the ballots are already out.

*Tittle v. Virginia State Bd. of Elections*, No. 3:20cv349, 2020 WL 6589328, at *2 (E.D. Va. Sept. 22, 2020).

[5] Plaintiffs mention "Democrats" being given a reduction in the number of signatures needed, (Am. Compl. 1), but their Amended Complaint lacks sufficient detail for the Court to find that Plaintiffs have plausibly stated a claim against Defendants.

5

whether relief is appropriate. Although the Court must liberally construe a *pro se* litigant's pleadings when determining whether such pleadings satisfy Rule 8, the Amended Complaint does not satisfy the requirements of that Rule.

It follows then that Plaintiffs fail to carry their burden to prove they are entitled to injunctive relief under Federal Rule of Civil Procedure 65. "[A] preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Perry v. Judd*, 471 F. App'x 219, 223 (4th Cir. 2012) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). Courts are only to grant preliminary injunctions "sparingly." *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 590–91 (E.D. Va. 2008) (quoting *Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524 (4th Cir. 2003)). Because Plaintiffs fail to carry their burden under Rule 8's liberal pleading standard, they also do not make a "clear showing" that they are entitled to injunctive relief. *Perry*, 471 F. App'x at 223.

The Court previously provided Plaintiffs the opportunity to amend their Complaint, (June 1, 2021 Order, ECF No. 3), allowing them a second chance to explain this Court's jurisdiction and their cause of action. Because the Court offered Plaintiffs an opportunity to address the deficiencies in their initial complaint, to state a claim, and to explain why the Court has jurisdiction, the Court presumes that Plaintiffs have stated their best case. For this reason, the Court DISMISSES with prejudice Plaintiffs' Amended Complaint. (ECF No. 5.)

Should Plaintiffs wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within the stated period may result in the loss of the right to appeal.

Let the Clerk send a copy of this Order to Plaintiffs at their addresses of record.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 6/8/2021
Richmond, Virginia